IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00596-GPG

CRAIG WILLIS CROUTCH,

      Applicant,

v.

TRAVIS TRANI, Warden, C.S.P., and
RICK RAEMISCH, Executive Director,

      Respondents.

_____

ORDER OF DISMISSAL

_____

Applicant, Craig Willis Croutch, is in the custody of the Colorado Department of

Corrections at the Colorado State Penitentiary.  He has filed, *pro se*, an Application for a

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and is proceeding *in

forma pauperis* pursuant to 28 U.S.C. § 1915.  The Court construes the Application

liberally because Mr. Croutch is not represented by an attorney.  *See Haines v. Kerner*,

404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d

at 1110.

On April 2, 2015, Magistrate Judge Gordon P. Gallagher issued an Order (ECF

No. 5) directing Mr. Croutch to show cause, in writing, within thirty (30) days, why the

§ 2241 Application should not be dismissed without prejudice for his failure to exhaust

available state court remedies.   Although exhaustion of state remedies is an affirmative

defense, the Court may raise the issue *sua sponte.  See Clay v. Oklahoma*, No. 13-

6199, 541 F. App'x 805, 808 (10th Cir. Sept. 10, 2013) (unpublished) (citing *Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009) (affirming a district court's dismissal of a habeas petition for failure to exhaust where the failure "was clear from the face of [the] petition" and where the petitioner failed to adequately address exhaustion after being instructed to do so in a show-cause order)).

Applicant failed to file a response to the Order to Show Cause by the court-ordered deadline.

A prisoner in state custody must exhaust available state court remedies prior to seeking federal habeas corpus relief.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  "The exhaustion requirement is satisfied if the issues have been 'properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.'" *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir.1999) (quoting *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir.1994)); *see also Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Where a petitioner has not exhausted his state remedies, "[g]enerally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006).  A habeas petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement.  *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) (internal citation omitted).

Because Mr. Croutch alleges affirmatively in the § 2241 Application that he has not exhausted state court remedies for his claims (*see* ECF No. 1, at 2), and has not failed to respond to the Order to Show Cause, the Application will be dismissed without prejudice.  Accordingly, it is

2

ORDERED that this action is DISMISSED without prejudice for failure to exhaust state court remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Mr. Croutch has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Croutch files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED May 12, 2015, at Denver, Colorado.

BY THE COURT:


 s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court